IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| BRITTANY A. WALLACE and GREGORY M. WALLACE, | ) ) ) ) |
| *Plaintiffs*, | ) Case No. _____ ) |
| -vs- | ) JURY DEMAND ) ) ) |
| SOUTHERLAND CONSTRUCTION, f/k/a WALLAND SERVICES, LLC, | ) ) ) ) |
| *Defendant*. | ) |

## COMPLAINT

Plaintiffs, Brittany A. Wallace and Gregory M. Wallace, by and through their undersigned counsel, file this Complaint against Defendant, Southerland Construction, LLC and alleges as follows:

### NATURE OF THE ACTION & SUBJECT MATTER JURISDICTION

1. This is an action based primarily on federal questions for the violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq*.; and the Tennessee and U.S. Department of Labor, Wage-and-Hour Division regulations.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States.

3. Venue is appropriate in this judicial district under 28 U.S.C. §1391(b) because all the events that gave rise to this Complaint occurred in this district.

## THE PARTIES

4. Plaintiff, Brittany A. Wallace is a natural person and is an adult citizen and resident of the State of Tennessee.

5. Plaintiff Gregory M. Wallace is a natural person and is an adult citizen and resident of the State of Tennessee. Brittany Wallace and Gregory Wallace are husband and wife.

6. Southerland Construction, LLC ("Southerland Construction"), formerly known as Walland Services, LLC, is a Tennessee limited liability company. Southerland Construction was formed by Brittany Wallace and Cheryl Southerland and registered with the Tennessee Secretary of State on May 1, 2012, as a member-managed Limited Liability Company. It operates out of the residential address of Tony and Cheryl Southerland, 4365 Rocky Glade Road, Eagleville, Tennessee 37060. Its registered agent for service of process is Tony Lee Southerland, 4365 Rocky Glade Road, Eagleville, Tennessee 37060.

## FACTUAL BACKGROUND

7. In May of 2012, Brittany Wallace and her mother, Cheryl Southerland formed a limited liability company known as Walland Services, LLC. The entity later changed its name to Southerland Construction, LLC. (hereinafter "Southerland Construction").

8. The only member managers of Southerland Construction were Brittany Wallace and Cheryl Southerland, and each of them own fifty percent of the company.

9. Brittany Wallace began working as an employee of Southerland Construction in May of 2012, and performed a variety of duties, including administrative and secretarial until her termination in April of 2019.

10. Gregory Wallace began working for Southerland Construction as Senior Project Manager/Senior Engineer in May of 2012, and remained in this position until his termination on June 2, 2020.

11. Since 2012, Southerland Construction has evolved into a profitable enterprise, due in part, to the services provided over the years by Brittany Wallace and Gregory Wallace.

12. Between May of 2012 and April of 2019, Brittany Wallace worked full time (between 30-40 hours per week), and occasional overtime, performing various clerical and administrative functions. She did not manage or oversee any subordinates during this time.

13. Between May of 2012 and June 2, 2020, Gregory Wallace worked on average between 20-30 hours each week performing engineering services as an employee and Senior Project Manager and Estimator for Southerland Construction. In addition, he also occasionally worked in excess of 40 hours per week.

14. Neither Brittany Wallace or Gregory Wallace were paid even minimum wage for their services rendered to Southerland Construction.

15. No regular weekly payroll amounts were ever received by Brittany Wallace from Southerland Construction throughout the course of her employment.

16. No regular weekly payroll amounts were ever received by Gregory Wallace from Southerland Construction until commencing in June of 2019 through the date of his termination on June 2, 2020..

17. Occasionally, Tony Southerland and his wife, Cheryl Southerland, gave gifts to Brittany Wallace or her husband, Gregory Wallace, but these were limited to approximately $14,000 or $15,000 per year, in the years 2017, 2018 and 2019. No compensation was ever received by them from Southerland Construction for their services.

18. The Plaintiffs repeatedly asked that they be paid as other employees, but the Defendant refused.

19. In addition, Plaintiffs would allege that the Defendant regularly engaged in payroll irregularities and failed to property report payroll information. For a period of approximately five years, Southerland Construction paid one employee, John B. Evans for a portion of his earnings in cash. Mr. Evans is retired and drawing Social Security Retirement Benefits. Due to regulatory restrictions on the amount of income he may earn while drawing these benefits, Southerland Construction agreed to pay him on a cash basis for any of his employee services over the $25,000 threshold. These cash payments are excluded from payroll reporting by Southerland Construction, and no withholding amounts are withheld for these payments.

20. On June 2, 2020, Southerland Construction terminated the employment of Gregory M. Wallace and asserted as one of the grounds for this termination, his wife Brittany Wallace's comments on her private social media.

### COUNT I - Federal Labor Standards Act of 1938, as amended

21. Paragraphs 1 through 20 above are incorporated as if fully set forth herein.

22. Brittany Wallace was an "employee" within the meaning of 29 U.S.C. § 203(e)(1)

23. Gregory Wallace was an "employee" within the meaning of 29 U.S.C. § 203(e)(1).

24. Southerland Construction is an "employer" pursuant to Federal Labor Standards Act of 1938, 29 U.S.C. 203(d).

25. Southerland Construction is an "employer" pursuant to Federal Labor Standards Act of 1938, 29 U.S.C. 203(d).

26. Brittany Wallace was a full-time employee working between thirty (30) to forty (40) hours each week.

27. Gregory Wallace worked between twenty and thirty hours each week, but on several occasions worked over forty hours each week.

28. Southerland Construction failed to withhold or otherwise pay payroll taxes on the Plaintiff Brittany Wallace during the period of her employment. The Defendant only began withholding payroll taxes from Gregory Wallace between June, 2019 and June 2, 2020.

29. At this time it is unknown how the Southerland Construction classified Brittany Wallace's employment, i.e. as exempt or non-exempt status. Ms. Wallace should have been classified as a "non-exempt" hourly employee, not an "exempt" employee, as her work duties did not meet the applicable duties test to be classified with any exempt status pursuant to 29 U.S.C. § 213.

30. At this time it is unknown how the Southerland Construction classified Gregory Wallace's employment, i.e. as exempt or non-exempt status. Mr. Wallace should have been classified as a "non-exempt" hourly employee, not an "exempt" employee, as his work duties did not meet the applicable duties test to be classified with any exempt status pursuant to 29 U.S.C. § 213.

31. Ms. Wallace worked in excess of forty (40) hours each some weeks, but Southerland Construction failed to pay her overtime pursuant to 29 U.S.C. § 207(a)(1).

32. Mr. Wallace worked in excess of forty (40) hours each some weeks, but Southerland Construction failed to pay him overtime pursuant to 29 U.S.C. § 207(a)(1).

33. Southerland Construction's failure to lawfully compensate the Plaintiffs during their tenure has caused Brittany Wallace and Gregory Wallace damages in the form of lost or underpaid wages.

34. The failure of Southerland Construction to properly classify Brittany Wallace and Gregory Wallace as an employees since May of 2012, has caused damages to the Plaintiffs in the form of lost employee benefits, such as paid vacation, loss of taxes to be paid on their part by Southerland Construction and the loss of possible unemployment compensation benefits.

## COUNT II
## Tennessee and U.S. Department of Labor, Wage and Hour Division Regulations

35. Paragraphs 1 through 34 above are incorporated as if fully set forth herein.

36. Between May of 2012 until April of 2019, Ms. Wallace's duties, at all times relevant to this action, were directly related to the purpose of the business.

37. Between May of 2012 until June of 2020, Mr. Wallace's duties, at all times relevant to this action, were directly related to the purpose of the business.

38. The failure of Southerland Construction to properly classify the Plaintiffs as hourly employees of the company constitutes a willful violation of the Tennessee and U.S. Department of Labor Wage and Hour Division Regulations.

39. As a consequence of the Defendant's failure to properly classify the Plaintiffs, they are entitled to statutory penalties, compensation, back pay and reasonable attorney's fees.

**WHEREFORE**, Plaintiffs respectfully requests that this Court grant them relief as follows:

FIRST: That proper process issue and be served upon Defendant;

SECOND: That Defendant be required to answer within the time prescribed by law;

THIRD: That the Court award Plaintiffs compensatory damages, both economic and non-economic, back pay, front pay, overtime pay, benefit pay, the value of loss of benefits and prejudgment interest in an amount of Five Hundred Thousand Dollars, or an amount to be proven at trial, which is in excess of the jurisdictional requirement of the Court;

FOURTH: That the Court award Plaintiffs liquidated damages in the amount of two times the amount of back pay awarded;

FIFTH: That the Court award Plaintiffs punitive damages in an amount to be determined by the trier of fact.

SIXTH: That the Court award Plaintiffs their reasonable attorneys' fees and costs in prosecuting this action;

SEVENTH: That the Court award Plaintiffs such other and further relief that it deems just and appropriate.

Respectfully submitted,

CRAIN LAW GROUP, PLLC

By: */s/ Larry L. Crain*
Larry L. Crain (#9040)
5214 Maryland Way, Suite 402
Brentwood, TN. 37027
Tel. 615-376-2600
Fax. 615-345-6009
Email: Larry@crainlaw.legal

*Counsel for the Plaintiffs*